**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1 SW Columbia Street, Ste. 900
Portland, Oregon 97204
Telephone: (503) 412-6725
Fax: (503) 221-1074
        Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY PENSION TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY HEALTH AND WELFARE TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY RETIREE HEALTH TRUST, TRUSTEES OF THE UNITED ASSOCIATION LOCAL NO. 290 APPRENTICESHIP AND JOURNEYMEN TRAINING TRUST FUND, TRUSTEES OF THE INTERNATIONAL TRAINING FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY VACATION, SCHOLARSHIP AND EDUCATIONAL REIMBURSEMENT TRUST, TRUSTEES OF THE PLUMBING AND PIPING MANAGEMENT TRUST FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY LABOR MANAGEMENT COOPERATION TRUST, and | Civil No.

**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Page 1 – **COMPLAINT**

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503-221-1074

PLUMBERS, STEAMFITTERS AND MARINE
FITTERS LOCAL NO. 290,

                Plaintiffs,

      v.

PATRICK HAWKINS, SR. and FIRST SERVICE
PLUMBING & HEATING, LLC,

                Defendants.

_____

Plaintiffs allege:

# I

## THE PARTIES

1.      Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Pension Trust ("Local Pension Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Health and Welfare Trust ("Health Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Retiree Health Trust ("Retiree Health Fund"), the United Association Local 290 Apprenticeship and Journeymen Training Trust Fund ("Local Training Fund"), the International Training Fund ("ITF"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational Reimbursement Trust ("VSE Fund"), the Plumbing and Piping Management Trust Fund ("Management Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Labor Management Cooperation Trust ("Cooperation Trust") (collectively, "Trust Funds") and Plumbers, Steamfitters and Marine Fitters Local No. 290 ("Union").

Page 2 – **COMPLAINT**

2.      The National Pension Fund and Local Pension Fund are "employee pension benefit plans" as that term is defined in 29 U.S.C. §1002(2)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. §1002(1) of ERISA.

3.      Numerous employers pay fringe benefits to the National Pension Fund, Local Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA.

4.      The Trustees of the National Pension Fund, Local Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund have discretionary authority to control and manage these funds and are "fiduciaries" of these funds as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

5.      The Management Fund is a trust fund created pursuant to a Trust Agreement and is governed by a board of trustees.  Employers signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the Management Fund and the monetary contributions are used to promote and provide support services to the plumbing and pipefitting industries in Oregon, southwest Washington and northern California.

6.      The Cooperation Trust is a trust fund created pursuant to a trust agreement and governed by a board of trustees.  Employers signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the Cooperation Trust and the monetary contributions are used to operate a labor-management cooperation committee

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503-221-1074

consistent with the requirements of 29 U.S.C. §175a of the Labor-Management Relations Act ("LMRA").

7.      The Union is a "labor organization" as that term is defined in 29 U.S.C. §152(5) of the LMRA and has with its principal office and place of business in Washington County, Oregon.

8.      Defendant Patrick Hawkins, Sr. (hereinafter, "Defendant Hawkins") is an individual formerly doing business in California as First Service Plumbing & Heating. Defendant First Service Plumbing & Heating, LLC (hereinafter, "Defendant Company") is an active California limited liability company.  At all times material to this proceeding (June 2016, to date), defendants were/are "employers" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. § 1002(5) of ERISA, which were/are engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

9.      The Court has jurisdiction over the Claim for Relief brought by the Trustees of the National Pension Fund, Local Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund against defendants for violation of 29 U.S.C. §§1132 (a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

10.     At all times material to this proceeding (June 2016, to date), defendants were signatory to or bound by a collective bargaining agreement with the Union. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendants affect commerce. The Court has jurisdiction over the Claim for Relief brought by

Page 4 – **COMPLAINT**

each plaintiff against defendants for breach of the collective bargaining agreement pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

### III

### JOINDER

11.     The obligations of defendants to plaintiffs arise out of the same collective bargaining agreement.  Common questions of law and fact govern the claims that each plaintiff has against defendants.

### IV

### CLAIM FOR RELIEF

12.     At all times material to this proceeding (June 2016, to date), defendants have been bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, defendants agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendants further agreed to pay fringe benefit contributions on behalf of its employees who performed work covered by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendants further agreed to file monthly remittance report forms and pay monthly fringe benefit contributions and union dues to plaintiffs by the 20th day of the month following the month in which the work is performed.

13.     The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid, and liquidated damages.  For the Trust Funds, interest is calculated at 12% per annum from the due date, until

Page 5 – **COMPLAINT**

paid and liquidated damages are assessed at 10% of the delinquent or late paid contributions, or $10 per month, whichever is greater. For the Union, interest is calculated at 9% per annum from the due date, until paid and liquidated damages are assessed at 10% of the delinquent or late paid contributions.

14.     The collective bargaining agreement between the Union and defendants provides that the Union is entitled to recover the delinquent union dues, interest on the delinquent or late paid union dues from the date each payment became due until paid at the rate of nine percent per annum, and liquidated damages in an amount equal to 10% of the delinquent or late paid union dues.

15.     Plaintiffs conducted a payroll examination of defendants' books and records for the period of June 2016 through December 2019 to determine whether defendants paid all required fringe benefit contributions and union dues to plaintiffs.

16.     Based on the results of the payroll examination, defendants owe the following amounts to plaintiffs: $306,240.24 in fringe benefit contributions and union dues; $30,795.29 in liquidated damages; and $37,600.62 in interest calculated through March 30, 2020, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($290,079.21) at the rate of 12% per annum from March 31, 2020, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($16,161.03) at the rate of 9% per annum from March 31, 2020, through entry of judgment.

17.     The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay fringe benefit contributions and legal proceedings are instituted, the Trustees of Trust Funds are entitled to their reasonable attorney fees. The Trustees of the Trust Funds are entitled to recover their reasonable attorney fees from defendants.

Page 6 – **COMPLAINT**

18.     The Trustees of the Trust Funds (except the Management Fund and Cooperation Trust) are also entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

19.     The collective bargaining agreement between the Union and defendants provides that, in the event legal proceedings are instituted to recover delinquent union dues, the Union is entitled to recover its reasonable attorney fees. Based on the provisions of the collective bargaining agreement, the Union is entitled to recover its reasonable attorney fees from defendants.

20.     The Trust Agreements that created the Trust Funds provide that, in the event a payroll examination of an employer's books and records is conducted and fringe benefit contributions are found due and owing, the Trust Funds are entitled to recover their reasonable payroll examination fees.

21.     The collective bargaining agreement between the Union and defendants provides that, in the event a payroll examination of an employer's books and records is conducted and union dues are found due and owing, the Union is entitled to its reasonable payroll examination fees. Based on the terms of the collective bargaining agreement, the Union is entitled to recover its reasonable payroll examination fees from defendants.

22.     The Trustees of the Trust Funds (except the Management Fund and Cooperation Trust) are also entitled to recover their reasonable payroll examination fees from defendants pursuant to the provisions of 29 U.S.C. §1132(g)(2)(E) of ERISA.

///      ///

///      ///

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221-1074

23.     To date, plaintiffs have incurred $2,068.00 in payroll examination fees related to the payroll examination process. Defendants should be required to pay $2,068.00 in payroll examination fees to plaintiffs, together with any additional payroll examination fees that plaintiffs incur in this lawsuit.

WHEREFORE, plaintiffs pray for a decree and judgment against defendants as follows:

1.     Requiring defendant to pay the following amounts to plaintiffs: $306,240.24 in fringe benefit contributions and union dues; $30,795.29 in liquidated damages; and $37,600.62 in interest calculated through March 30, 2020, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($290,079.21) at the rate of 12% per annum from March 31, 2020, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($16,161.03) at the rate of 9% per annum from March 31, 2020, through entry of judgment;

2.     Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendants' books and records (for a period other than June 2016 through December 2019) in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event such future payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendants to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

///      ///

///      ///

Page 8 – **COMPLAINT**

**BROWNSTEIN | RASK** LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221.1074

3.      Requiring defendants to pay plaintiffs' reasonable attorney fees;

4.      Requiring defendants to pay plaintiffs' costs and disbursements incurred herein;

and

5.      For such further equitable relief as the Court deems just and proper.

DATED this 13th day of April 2021.

BROWNSTEIN RASK, LLP

_____
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503-221-1074